```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

SHEILA MAE THOMAS,                :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :     CIVIL ACTION 13-0466-M
CAROLYN W. COLVIN,                :
Social Security Commissioner,     :
                                  :
     Defendant.                   :


MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 14). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 20). Oral argument was waived in this action (Doc. 18). Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and

Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Thomas was sixty-one years old, had completed a high school education (Tr. 31), and had previous work experience as a home companion, sales clerk, and telemarketer (Tr. 40). In claiming benefits, Plaintiff alleges disability due to degenerative disk disease and lumbago (Doc. 14 Fact Sheet).

The Plaintiff filed applications for disability benefits and SSI on July 21, 2010 (Tr. 101-12; *see also* Tr. 13). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Thomas was capable of returning to her past relevant work as a sales clerk and telemarketer (Tr. 13-22). Plaintiff requested review of the hearing decision (Tr. 7) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not

supported by substantial evidence.  Specifically, Thomas alleges that:  (1) The ALJ did not properly consider the conclusions of her treating physician; (2) the ALJ did not properly consider her claims of pain; and (3) the ALJ's determination of her residual functional capacity (hereinafter *RFC*) does not consider all of her limitations (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 15).  The evidence of record follows.

On November 23, 2010, Thomas was examined by Dr. Kevin K. Varden for complaints of left lower back pain; he noted that although she was moderately obese, she was in no acute distress (Tr. 181-82).  The Doctor noted that her extremities were non-tender to the touch, except for the paravertebral area, left lower back; she had equivocal straight leg raise on the left. Muscle strength was 5/5 bilaterally; the neurological exam was good and she had full range of motion (hereinafter *ROM*) in her back in spite of her pain.  Thomas's gait was normal; she could fully squat.  An x-ray of the lumbar spine was negative except for partial sacralization of L5.  Varden's impression was "[c]hronic back pain, lumbago, with no evidence for significant residual neurological problems or complications" (Tr. 182).  It was his opinion that Plaintiff "would be able to do most work-related activities involved such as sitting, standing, walking, [and] carrying objects" (*id.*).

3

Treatment records from Franklin Primary Health Center show that, on February 8, 2011, Thomas had x-rays of her right shoulder that were normal (Tr. 189). X-rays of the cervical spine demonstrated normal cervical lordosis and mild-to-moderate disc space narrowing at C3-4 and C4-5 with severe disc space narrowing at C5-6; lumbar spine x-rays were normal (*id.*). The examining physician noted pain over the lumbar-sacral spine on ROM, though everything else was normal; Lortab[1] was prescribed as needed (Tr. 187-88). Three weeks later, Plaintiff rated her pain as five on a ten-point scale; the doctor again noted ROM back pain and included it as part of his diagnosis, but recorded nothing else relevant (Tr. 185-86). On September 13, 2011, Thomas rated her pain as nine; it was noted that she had limited ROM in the right lower extremity (Tr. 194-96). Lortab was again prescribed.

Dr. Otis Harrison, one of Plaintiff's doctors at the Franklin Center, completed an undated pain assessment in which he indicated that she had pain that was intractable and virtually incapacitating (Tr. 198). It was noted that physical activity would increase her pain to the point of requiring medication and/or bed rest; the side effects of her medications would totally restrict her from functioning at work. Harrison

---

[1]**Error! Main Document Only.** *Lortab* is a semisynthetic narcotic analgesic used for "the relief of moderate to moderately severe pain." *Physician's Desk Reference* 2926-27 (52nd ed. 1998).

4

also completed an undated physical capacities evaluation in which he indicated that Thomas was capable of lifting and carrying one pound frequently and five pounds occasionally; she could sit for two and stand or walk for two hours during an eight-hour workday (Tr. 199). Harrison also indicated that Plaintiff could engage in fine manipulation, bending and/or stooping, reaching, operating motor vehicles, and working with or around hazardous machinery on an occasional basis and pushing and pulling of arm or leg controls, climbing, gross manipulation, and being around environmental problems only rarely. This is all of the medical evidence of record.

In bringing this action, Thomas first claims that the ALJ did not properly consider the conclusions of her treating physician, Dr. Otis Harrison (Doc. 14, pp. 4-11). It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2013).

Plaintiff asserts error with regard to this claim in the

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

5

ALJ's finding that Dr. Harrison does not qualify as a treating physician because of the limited number of times he examined her (Doc. 14, pp. 4-5). In her decision, the ALJ specifically noted that Thomas did "not have a treating relationship with Dr. Harrison. The evidence documents that the claimant was only treated at the Franklin Primary Health Center on three occasions" (Tr. 18-19).

The Court questions whether the physician actually examined Plaintiff on those three occasions as the report from the most recent doctor's visit, on September 13, 2011, was not signed by Harrison, but by a physician's assistant (Tr. 194-96). It is of no moment, however, as the ALJ provided other reasons for rejecting Harrison's opinions that are supported by substantial evidence.

Specifically, the ALJ noted the following:

> Harrison's opinions are not consistent with the objective evidence or the clinical findings in the record. Specifically, the Administrative Law Judge finds it significant that the lumbar x-rays are normal and that the claimant has required very limited, sporadic medical care as she has only sought medical treatment on three occasions. Furthermore, the claimant has no emergency room visits for pain and no referrals to a pain management specialist.

(Tr. 19). The Court notes that the ALJ went on to point out that Harrison's conclusions were at odds with Dr. Varden whose

6

examination was more thorough than any of those conducted at Franklin Primary Health Center.  Furthermore, the objective medical evidence—what little there is—does not support the extreme limitations found by Harrison; though Thomas complained of low back pain, and Harrison noted decreased ROM measurements, x-rays of the lumbar spine were negative.  Dr. Harrison's own treatment records do not support his own conclusions, conclusions that have no foundation anywhere in this record.  Thomas's claim otherwise is without merit.

Plaintiff next claims that the ALJ did not properly consider her claims of pain (Doc. 14, pp. 11-15).  The standard by which the Thomas's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).  The Eleventh Circuit Court of Appeals has also held that the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding

7

is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Furthermore, the Social Security regulations specifically state the following:

> statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2013).

The ALJ discounted Thomas's claims of debilitating pain, finding them not credible to the extent alleged (Tr. 18, 19-20). In reaching that decision, the ALJ noted that by her own testimony, Plaintiff was capable of engaging "in a wide array of activities of daily living" (Tr. 20). The ALJ also noted that there was no evidence that her pain medications did not relieve her pain; she further found that, in spite of Thomas's testimony otherwise, there was no medical evidence that her medications caused any side effects that would preclude her from working

8

(*id.*). Finally, the ALJ noted the overall "paucity of the medical evidence" and "lack of persistent and regular treatment" (*id.*).

The Court finds substantial support for the ALJ's conclusions. The total medical evidence in this record is twenty pages (Tr. 181-200) and provides little evidence of impairment, much less disability. This claim lacks merit.

Thomas's final claim is that the ALJ's determination of her RFC does not consider all of her limitations (Doc. 14, pp. 15-18). The Court notes that the ALJ is responsible for determining a claimant's RFC. 20 C.F.R. § 404.1546 (2013). That decision cannot be based on "sit and squirm" jurisprudence. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). However, the Court also notes that the social security regulations state that Plaintiff is responsible for providing evidence from which the ALJ can make an RFC determination. 20 C.F.R. § 404.1545(a)(3).

In her determination, the ALJ found that Thomas had the RFC

> to perform the full range of light work as
> defined in 20 C.F.R. 404.1567(b)[3] and

---

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional

9

> 416.967(b). She is capable of lifting and
> carrying up to 20 pounds occasionally and 10
> pounds frequently. She can stand or walk for
> six hours out of an eight-hour day. She can
> sit for six hours out of an eight-hour day.
> She can frequently operate arm or leg
> controls. She can frequently stoop, kneel,
> crouch, crawl, and climb ramps or stairs.
> She can occasionally climb ladders, ropes,
> and scaffolding. She can perform frequent
> fine and gross manipulation. She has no
> environmental limitations or mental
> limitations.

(Tr. 16). In reaching this determination, the ALJ summarized the medical record and pointed out the evidence upon which she both relied and rejected. The ALJ also discussed Thomas's complaints of pain and discounted them. The Court notes that it found substantial support for the ALJ's conclusions with regard to Plaintiff's previous claims dealing with the ALJ's parsing of the evidence and her assertions of pain.

In bringing this claim regarding the ALJ's RFC, Thomas raises two arguments that have not been previously addressed. Those are that the ALJ failed to consider the effect of her mental impairments on her ability to work and that the ALJ did not consider the combination of all of her impairments (Doc. 14, p. 16).

With regard to her first argument, the Court notes that the ALJ found that Plaintiff did not have a severe mental impairment

---

limiting factors such as loss of fine dexterity or inability to sit for long periods of time."

(Tr. 16). Thomas has not challenged this finding. In *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984), the Eleventh Circuit Court of Appeals held that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *Flynn v. Heckler*, 768 F.2d 1273 (11th Cir. 1985); *cf.* 20 C.F.R. § 404.1521(a) (2013).[4] The Court of Appeals has gone on to say that "[t]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). It is also noted that, under SSR 96-3p, "evidence about the functionally limiting effects of an individual's impairment(s) must be evaluated in order to assess the effect of the impairment(s) on the individual's ability to do basic work activities."

The Court finds that the ALJ's finding that Thomas did not have a severe mental impairment implicitly suggested that her

---

[4]"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

11

anxiety would not interfere with her ability to work.  As such, there was nothing to consider in reaching an RFC determination.

As far as Thomas's assertion that the ALJ did not properly consider the combination of her impairments, the Court notes that "the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."  42 U.S.C. § 423(d)(2)C).  The Eleventh Circuit Court of Appeals has noted this instruction and further found that "[i]t is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled."  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984); *see also Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982).

In the ALJ's findings, she lists Plaintiff's impairments and specifically finds that she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1" (Tr. 16).  This language has been upheld by the Eleventh Circuit Court of Appeals as sufficient consideration of the effects of the combinations of a claimant's impairments.  *Jones v. Department of Health and Human Services*,

941 F.2d 1529, 1533 (11th Cir. 1991) (the claimant does not have "an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4"). The Court finds Thomas's arguments otherwise unpersuasive.

Plaintiff has raised three different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 28th day of March, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE